UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-CV-00275-FDW-DCK

| | |
|---|---|
| JESSICA PRUDHOMME, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MASONITE CORPORATON, ) <br> ) <br> Defendant. ) <br> ) <br> ) | ORDER |

**THIS MATTER** is before the Court on Defendant Masonite Corporation's Partial Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and Motion for a Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Doc. No. 11). For the reasons stated below, Defendant's Partial Motion to Dismiss is DENIED, and Defendant's Motion for a Judgment on the Pleadings is DENIED in part as moot and DENIED WITHOUT PREJUDICE in part.

## BACKGROUND

Plaintiff filed the instant action on May 13, 2013, in this Court alleging one claim for relief of sex/gender discrimination under Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000 *et seq*. ("Title VII"). (Doc. No. 1). Plaintiff is a female and former employee of Defendant.

Plaintiff asserts that she was hired to work as a Packaging Engineering Specialist by Defendant on May 16, 2011. While employed, Jeff Woollens was Plaintiff's direct supervisor. Plaintiff was the only female assigned to his team.

Plaintiff alleges that throughout her employment Mr. Woollens made comments about her sexuality. Plaintiff further asserts that Mr. Woollens made repeated statements about Plaintiff in the male gender as opposed to the female gender and permitted others to make similar statements in his presence.

Plaintiff alleges, as an example, that during a meeting with Mr. Woollens and a coworker identified as "JT," "JT said something to [the] effect about Plaintiff's masculinity/femininity." Plaintiff asserts that the comment was offensive, and Mr. Woollens took no action. Plaintiff also claims that during another meeting, JT told Plaintiff that being a female in their department and hanging out with other female employees would damage her career.

Plaintiff alleges that while traveling on a business trip with Mr. Woollens and another male co-worker on March 23, 2012, Mr. Woollens became extremely upset with Plaintiff after she inquired about an email she had sent other co-workers about her concerns on a project. Plaintiff claims that Mr. Woollens proceeded to pull over the car rental car he was driving, walk around to where she was seated in the rear passenger side, and yell profane insults at her. Plaintiff asserts that during this incident she remained in the car because she feared for her safety and was shocked that Mr. Woollens invaded her personal space in such a manner.

After returning from the trip, Plaintiff alleges she told other employees and managers about this incident. Plaintiff further asserts that upon learning this, Mr. Woollens fired her and stated that the reason for her termination was her "bad attitude." Plaintiff claims that this reason was a pretext and that she was actually fired because (1) she rejected Mr. Woollens' sexual advances and (2) she had started the process for reporting him for the incident during the business trip. Plaintiff alleges that Defendant's Human Resources Department ratified the decision to terminate Plaintiff.

On April 24, 2012, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination and retaliation under Title VII. On January 30, 2013, the EEOC issued a notice of the right to sue to Plaintiff. (Doc. No. 1-1).

Plaintiff filed this action on May 30, 2013, alleging one claim for sex discrimination in violation of Title VII. (Doc. No. 1). In her complaint, Plaintiff asserts three basis for this single claim: (1) hostile work environment, (2) failure to promote, and (3) discriminatory discharge. Id. For the purposes of organization and clarity, the Court will treat each asserted basis as a separate claim for relief.

On October 9, 2013, Defendant filed a Motion to Dismiss Plaintiff's hostile work environment and failure to promote claims for a lack of subject matter jurisdiction and a Motion for a Judgment on the Pleadings for all claims, (Doc. No. 11), and a Memorandum in Support of the Motions. (Doc. No. 11-1). With the Court's leave, Plaintiff filed a Memorandum in Opposition to Defendant's Motions on December 6, 2013. (Doc. No. 18). Finally, Defendant filed a Reply on December 16, 2013. (Doc. No. 19).

**PARTIAL MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides grounds for dismissal if the Court lacks subject matter jurisdiction to adjudicate a claim. "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 104 (1989); see also Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

Defendant asserts that the Court lacks subject matter jurisdiction to hear Plaintiffs hostile work environment and failure to promote claims because Plaintiff has failed to exhaust her administrative remedies for these claims. (Doc. No. 11-1). Before filing a suit under Title VII, a

plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the EEOC. See Syndor v. Fairfax Cnty., 681 F.3d 591, 593 (4th Cir. 2012); Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). The scope of the federal lawsuit is limited by the contents of the EEOC charge. Jones, 551 F. 3d at 300 (citing Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002)). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Id. at 300 (quoting Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996)). Claims that fall outside of the scope of the EEOC charge are procedurally barred. Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 408 (4th Cir. 2013) (citing Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005)). Therefore, the issue is whether the abovementioned claims alleging a hostile work environment and a failure to promote in Plaintiff's Complaint were stated in the EEOC charge, were reasonably related to the assertions in the charge, or would be discovered by reasonable investigation of the assertions in the charge.

## HOSTILE WORK ENVIRONMENT

With respect to the hostile work environment claim, Plaintiff's EEOC charge, in pertinent part, alleged that "[t]hroughout the duration of [her] employment, she ha[s] been told by management to be more submissive, that [she] can be very manly and ballsy, and [she] need[s] to work on changing the perception [her] co-workers have about [her] and any perceived lack of feminity." (Doc. No. 11-2). However, Plaintiff's Complaint expands on the alleged harassing conduct that supports her hostile work environment claim asserted in her charge. Specifically, Plaintiff alleges that her co-workers also made offensive comments to Plaintiff regarding her gender in Mr. Woollens' presence throughout her employment.

4

Upon review, this Court finds that the allegations contained in Plaintiff's EEOC charge and in her subsequent complaint are reasonably related. Plaintiff asserts the same central factual allegations, that Plaintiff was subject to verbal harassment based on her gender throughout her employment by Mr. Woollens, in both her EEOC charge and Complaint. Plaintiff's allegations that she was also verbally harassed by her co-workers under Mr. Woollens' supervision is reasonably related to her assertions that Mr. Woollens verbally harassed Plaintiff and afforded Defendant amply notice of the allegations against it. See Sydnor, 681 F.3d at 595. Accordingly, the Court holds that Plaintiff has exhausted her administrative remedies with respect to her hostile work environment claim.

## FAILURE TO PROMOTE CLAIM

With respect to her failure to promote claim, Plaintiff notified the Court and Defendant that she was abandoning her failure to promote claim in her Memorandum in Opposition. (Doc. No. 18) Accordingly, the Court considers this claim abandoned and denies Defendant's Motion as moot for this claim.

## MOTION FOR A JUDGMENT ON THE PLEADINGS

Defendant next moves for a judgment on the pleadings for all claims asserted by Plaintiff. With respect to Plaintiff's claim for failure to promote, the Court has already noted that Plaintiff has abandoned this claim. Accordingly, the Court denies Defendant's Motion as moot for this claim.

Upon review by the Court, Plaintiff's Motion for a Judgment on the Pleadings is denied without prejudice with respect to Plaintiff's hostile work environment and discriminatory discharge claims. Defendant is free to raise the issues set forth in the Motion for these claims again at summary judgment.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Partial Motion to Dismiss Plaintiff's Complaint, (Doc. No. 11), is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for a Judgment on the Pleadings, (Doc. No. 11), is DENIED AS MOOT IN PART and DENIED WITHOUT PREJUDICE IN PART. Specifically, the Motion is DENIED AS MOOT with respect to Plaintiff's failure to promote claim, and DENIED WITHOUT PREJUDICE with respect to Plaintiff's hostile work environment and discriminatory discharge claims.

IT IS SO ORDERED.

Signed: March 13, 2014

Frank D. Whitney
Chief United States District Judge